John J. Gilchrist, Appellee, v. Chicago & Alton Railroad Company, Appellant.

COMMON CARRIERS—*what makes prima facie case of negligence. Held,* in an action to recover for the value of a horse alleged to have been killed through the negligence of the defendant carrier, that proof of delivery of such horse in live and good condition and of its death while in the custody of the carrier, made a *prima facie* case against it, subject to be rebutted by proof that the death of such horse was not caused by the failure of the carrier to exercise the degree of care which the nature of the property required.

Action in case. Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the November term, 1909. Reversed. Opinion filed May 28, 1910.

BLINN & COVEY, for appellant; WINSTON, PAYNE, STRAWN & SHAW, of counsel.

PETER MURPHY and BALDWIN & STRINGER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This suit is brought to recover the value of a horse of the plaintiff alleged to have been killed through the negligence of the employes of the defendant company. Trial by jury resulted in a judgment in favor of the plaintiff for $125, to reverse which the defendant prosecutes this appeal.

The declaration charges that the defendant received and undertook to carry the horse in question from Lincoln to Bloomington, and there safely deliver the same to the plaintiff; that the horse was loaded into a car upon the side track,

then switched from the side track out onto the main track and then taken down the main track until it reached the train of freight cars to which it was to be attached; that in so doing the servants of the defendant negligently ran the locomotive up to and against said car with great force and violence, by reason whereof the horse, while standing crosswise in said car, was thrown down upon the floor and its neck broken, causing its death. The evidence substantiates the charges of the declaration, except as to what caused the death of the horse, it being contended by the defendant that while the car containing the horse was standing on the main track, the horse became frightened by the noise of the locomotive passing on the other track, causing him to rear up, throw himself and break his neck. Proof of the delivery of the horse in live and good condition and its death while in the custody of the defendant, made a *prima facie* case against the defendant, subject to be rebutted by proof that the death of the horse was caused not by the failure of the defendant to exercise the degree of care which the nature of the property required. Burke v. Ex. Co., 87 Ill. App. 505; R. Co. v. Fox, 113 Ill. App. 180; R. Co. v. Johnson, 114 Ill. App. 545. The material issue of fact involved in the case is therefore whether the horse was caused to fall by reason of the negligent manner in which the car was handled, or by reason of its inherent vice.

The clear preponderance of the evidence, which was largely the testimony of witnesses called by the plaintiff, and which we have carefully considered, establishes that the horse was unaccustomed to the noise of moving locomotives and cars, and that while the car in which it was loaded was standing upon the main track, after having been switched from the side track, the locomotive passed by said car on the side track about 8 feet distant from the main track, and that the horse became frightened at the noise necessarily attendant upon the operation of the locomotive, reared up and fell down, and that by reason of the shortness of the halter by which it had been tied by the plaintiff to the slats of the car, the weight of its body was thrown upon its neck, causing

its neck to break.   The death of the horse was therefore not due to a want of care on the part of the carrier but to its own proper or inherent vice, and the burden cast upon the defendant was overcome.   The evidence was manifestly insufficient to establish the charge that the loss of the horse was occasioned by the negligence of the defendant as charged in the declaration, and the verdict returned was clearly against the weight of the evidence.

The judgment will be reversed and the clerk will embody in the judgment the finding that the defendant was not guilty of the negligence charged in the declaration.

*Reversed.*